IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JONATHON B. BRISTOW, )
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　) CIV-11-399-W
v. )
　　　　　　　　　　　　　　　　　)
POTTAWATOMIE COUNTY PUBLIC )
　SAFETY CENTER, et al., )
　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the Complaint (Doc. # 1) filed April 11, 2001, has been conducted pursuant to 28 U.S.C. §1915A and 28 U.S.C. § 1915. Based on this review, it is recommended that the action be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and due to the absence of a remedy under 42 U.S.C. § 1983 for Plaintiff's claim seeking the dismissal of pending criminal charges.

I. Statutory Screening of Prisoner Complaints

The Court must review complaints in civil actions brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by

1

28 U.S.C. § 1915(e)(2). After conducting this initial review, the Court must dismiss a complaint, or any portion of it, presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Background and Claims for Relief

Plaintiff alleges in his Complaint that he is a pretrial detainee in custody at the Pottawatomie County Public Safety Center ("PCPSC"). He alleges that on February 25, 2011, he "rode a (boat) down the stairs" of the jail and that he was disciplined for this admitted infraction of the jail's rules. Plaintiff alleges that as punishment for this disciplinary infraction Defendants Dame and Colbert, who are PCPSC jail officials, placed

2

Plaintiff on "lockdown status" for 72 hours. Plaintiff alleges that Defendant Colbert later reduced this punishment to 48 hours on "lockdown status" after Plaintiff discovered that another detainee had been given a punishment of "24 h[ou]r lockdown for doing the same thing . . . ." Complaint, at 5. Plaintiff contends that this disparate treatment of him is "against the law in Okla[homa]" and that the "jail is responsible" for this disparate treatment. Complaint, at 5. Plaintiff names PCPSC and PCPSC officials Dame and Colbert as Defendants. As relief, Plaintiff seeks to have his pending criminal "charges . . . dropped entirely and [he should] be compensated accordingly." Complaint, at 5.

III. Analysis

Title 42 U.S.C. § 1983 provides a remedy for constitutional violations committed by persons acting under color of state law. Plaintiff's claim seeking the dismissal of pending criminal charges is not properly brought in a 42 U.S.C. § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74, 78, 82 (2005)(reaffirming that "a prison in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement" and claims seeking a prisoner's "immediate or speedier release" from confinement must be brought under federal habeas statute)(internal quotation marks omitted). Thus, this claim should be dismissed without prejudice to its renewal in a federal habeas action.

Plaintiff has also failed to state a claim for relief under 42 U.S.C. § 1983 because the 48-hour "lockdown status" punishment imposed for his disciplinary infraction did not "impose[ ] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of [jail] life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nor has Plaintiff stated an equal

3

protection claim. Because Plaintiff has not alleged he is a member of a suspect class or that a fundamental right is involved, the disparate treatment alleged by Plaintiff during his jail detention need only be rationally related to a legitimate governmental purpose in order to satisfy the Equal Protection Clause. Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996). The short period of "lockdown" imposed upon Plaintiff as punishment for his disciplinary infraction was a decision that was well within the discretion of jail officials to impose reasonable measures in furtherance of the jail's legitimate interest in order and security.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. To the extent Plaintiff seeks habeas relief in the form of the dismissal of pending criminal charges, it is recommended that this claim only be dismissed without prejudice. It is recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. §1915(g). See Hafed v. Federal Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. §1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C.] §1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to

4

state a claim . . . ."). [1]  Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 22nd___, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __2nd__ day of __June__, 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

---

[1] Strikes are actually "count[ed] against a prisoner from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not" or "when his time to file a direct appeal expired" if the prisoner did not file a direct appeal in a circuit court. Id. at 1176, 1177.

5